**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

E-CONTACT TECHNOLOGIES LLC

      Plaintiff,

      v.

(1)     APPLE INC.;
(2)     AT&T INC.;
(3)     CSC HOLDINGS, LLC;
(4)     CENTURYLINK, INC.;
(5)     CHARTER COMMUNICATIONS, INC.;
(6)     COMCAST INTERACTIVE MEDIA, LLC;
(7)     COX COMMUNICATIONS, INC.;
(8)     DELL INC.;
(9)     EARTHLINK, INC.;
(10)   GOOGLE INC.;
(11)   HOSTGATOR.COM, LLC;
(12)   IAC SEARCH & MEDIA, INC.;
(13)   MICROSOFT CORPORATION;
(14)   MOTOROLA MOBILITY, INC.;
(15)   NOKIA INC.;
(16)   OPERA SOFTWARE ASA;
(17)   QUALCOMM INCORPORATED;
(18)   RACKSPACE US, INC.;
(19)   RCN TELECOM SERVICES, LLC;
(20)   SAMSUNG ELECTRONICS AMERICA, INC.;
(21)   TOSHIBA AMERICA INFORMATION SYSTEMS, INC.;
(22)   VERIZON COMMUNICATIONS INC.;
(23)   VIRGIN MEDIA, INC.;
(24)   YAHOO! INC.; AND
(25)   1&1 MAIL & MEDIA INC.

      Defendants.

CIVIL ACTION NO. 1:11-CV-426

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

**JURY TRIAL DEMANDED**

     Plaintiff E-Contact Technologies LLC ("E-Contact"), based on its own personal knowledge with respect to its own actions and based on information and belief as to all

others' actions, files this Original Complaint against the above-named defendants, alleging as follows:

## PARTIES

1.      E-Contact is a limited liability company formed under the laws of the State of State of Texas.

2.      Defendant Apple Inc. ("Apple") is a California corporation with a principal place of business at 1 Infinite Loop, Cupertino, California 95014.  Apple can be served with process by serving its registered agent: CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

3.      Defendant AT&T Inc. ("AT&T") is a corporation organized under the laws of Delaware, with a principal place of business at 208 S. Akard Street, Dallas, Texas 75202.  AT&T can be served with process by serving its registered agent:  CT Corporation System; 350 N. St. Paul St., Ste. 2900; Dallas, TX 75201-4234.

4.      Defendant CSC Holdings, LLC ("Cablevision") is a corporation organized under the laws of Delaware, with a principal place of business at 1111 Stewart Avenue, Bethpage, New York 11714.  Cablevision engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas as required by statute.  Cablevision may therefore be served with process by serving the Secretary of State of the State of Texas at 1019 Brazos Street, Austin, Texas 78701 pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code §17.044 and asking the Secretary of State to serve Cablevision at its principal place of business and home office at 1111 Stewart Avenue, Bethpage, New York 11714.

5.      Defendant CenturyLink, Inc. ("CenturyLink") is a corporation organized under the laws of Louisiana, having a principal place of business at 100 CenturyLink Drive, Monroe, Louisiana 71203.  CenturyLink engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas as required by statute.  CenturyLink may therefore be served with process by serving the Secretary of

State of the State of Texas at 1019 Brazos Street, Austin, Texas 78701 pursuant to the
Texas Long Arm Statute, Texas Civil Practice & Remedies Code §17.044 and asking the
Secretary of State to serve CenturyLink at its principal place of business and home office
at 100 CenturyLink Drive, Monroe, Louisiana 71203.

6.      Defendant Charter Communications, Inc. ("Charter") is a corporation
organized under the laws of Delaware, with a principal place of business at 12405
Powerscourt Drive, St. Lous, MO 63131.  Charter can be served with process by serving its
registered agent:  Corporation Service Company; 211 E. 7th Street, Suite 620; Austin, TX
78701.

7.      Defendant Comcast Interactive Media, LLC ("Comcast") is a corporation
organized under the laws of Delaware, with a principal place of business at One Comcast
Center, Philadelphia, PA 19103-2838.  Comcast engages in business in Texas but has not
designated or maintained a resident agent for service of process in Texas as required by
statute.  Comcast may therefore be served with process by serving the Secretary of State of
the State of Texas at 1019 Brazos Street, Austin, Texas 78701 pursuant to the Texas Long
Arm Statute, Texas Civil Practice & Remedies Code §17.044 and asking the Secretary of
State to serve Comcast at its principal place of business and home office at One Comcast
Center, Philadelphia, PA 19103-2838.

8.      Defendant Cox Communications, Inc. ("Cox") is a corporation organized
under the laws of Delaware, with a principal place of business at 1400 Lake Hearn Drive,
Atlanta, GA 30319.  Cox engages in business in Texas but has not designated or
maintained a resident agent for service of process in Texas as required by statute.  Cox
may therefore be served with process by serving the Secretary of State of the State of
Texas at 1019 Brazos Street, Austin, Texas 78701 pursuant to the Texas Long Arm Statute,
Texas Civil Practice & Remedies Code §17.044 and asking the Secretary of State to serve
Cox at its principal place of business and home office at 1400 Lake Hearn Drive, Atlanta,
GA 30319.

9.      Defendant Dell Inc. ("Dell") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business located at 1 Dell Way, Round Rock, TX 78682-7000.  Dell can be served via its registered agent for service of process: Corporation Service Company; 211 E. 7th Street, Suite 620; Austin, TX 78701-3218.

10.     Defendant EarthLink, Inc. ("EarthLink") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business located at 1375 Peachtree Street; Atlanta, Georgia 30309.  EarthLink can be served via its registered agent for service of process: Corporation Service Company; 211 E. 7th Street, Suite 620; Austin, TX 78701-3218.

11.     Defendant Google Inc. ("Google") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business located at 1600 Amphitheatre Parkway, Mountain View, CA 94043.  Google can be served via its registered agent for service of process: Corporation Service Company; 211 E. 7th Street, Suite 620; Austin, TX 78701-3218.

12.     Defendant HostGator.com, LLC ("HostGator") is a corporation organized and existing under the laws of the State of Florida with a principal place of business located at 11251 Northwest Freeway, Suite 400; Houston, TX 77092.  HostGator can be served via its registered agent for service of process: Brent Oxley; 11251 Northwest Freeway; Houston, TX 77092.

13.     Defendant IAC Search & Media, Inc. ("IAC") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business located at 555 West 18th Street; New York, NY 10011.  IAC can be served via its registered agent for service of process: National Registered Agents, Inc., 16055 Space Center, Suite 235, Houston, Texas 77062.

14.     Defendant Microsoft Corporation ("Microsoft") is a corporation organized and existing under the laws of the State of Washington with a principal place of business

4

located at One Microsoft Way; Redmond, WA 98052.  Microsoft can be served via its registered agent for service of process: Corporation Service Company; 211 E. 7th Street, Suite 620; Austin, TX 78701-3218.

15.     Defendant Motorola Mobility, Inc. ("Motorola") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business located at 600 North U.S. Highway 45; Libertyville, IL 60048.  Motorola can be served via its registered agent for service of process: CT Corporation System; 350 N. St. Paul St., Ste. 2900; Dallas, TX 75201-4234.

16.     Defendant Nokia Inc. ("Nokia") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business located at 6021 Connection Dr.; Irving, TX 75039-2607.  Nokia can be served via its registered agent for service of process: National Registered Agents, Inc., 16055 Space Center, Suite 235, Houston, Texas 77062.

17.     Defendant Opera Software ASA ("Opera") is a corporation organized existing under the laws of Norway and registered and operating under the laws of California, with its principal place of business in the United States located at 1875 South Grant Street, Suite #750, San Mateo, California 94402.  Opera engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas as required by statute.  Opera may therefore be served with process by serving the Secretary of State of the State of Texas at 1019 Brazos Street, Austin, Texas 78701 pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code §17.044 and asking the Secretary of State to serve Opera at its principal place of business and home office at 1875 South Grant Street, Suite #750, San Mateo, California 94402.

18.     Defendant Qualcomm Incorporated ("Qualcomm") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business located at 5775 Morehouse Drive; San Diego, CA 92121.  Qualcomm can be

served via its registered agent for service of process: PRENTICE HALL CORP SYSTEM; 211 E. 7th Street, Suite 620; Austin, TX 78701-3218.

19.     Defendant Rackspace US, Inc. ("Rackspace") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business located at 5000 Walzem Road; San Antonio, TX 78218.  Rackspace can be served via its registered agent for service of process: Capitol Corporate Services, Inc., 800 Brazos Street, Suite 400, Austin, TX 78701.

20.     Defendant RCN Telecom Services, LLC ("RCN") is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business located at 196 Van Buren Street, Suite 300, Herndon, Virginia 20170. RCN engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas as required by statute.  RCN may therefore be served with process by serving the Secretary of State of the State of Texas at 1019 Brazos Street, Austin, Texas 78701 pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code §17.044 and asking the Secretary of State to serve RCN at its principal place of business and home office at 196 Van Buren Street, Suite 300, Herndon, Virginia 20170.

21.     Defendant Samsung Electronics America, Inc. ("Samsung") is a corporation organized and existing under the laws of the State of New York, with a principal place of business located at 105 Challenger Road; Ridgefield Park, NJ 07660.  Samsung can be served with process by serving its registered agent: CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

22.     Defendant Toshiba America Information Systems, Inc. ("Toshiba") is a corporation organized and existing under the laws of the State of California, with a principal place of business located at 9740 Irvine Blvd; Irvine, CA 92618 USA.  Toshiba can be served with process by serving its registered agent: CT Corporation System; 350 N. St. Paul St., Ste. 2900; Dallas, TX 75201-4234.

23.     Defendant Verizon Communications Inc. ("Verizon") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business located at 140 West Street, New York, New York 10007.  Verizon engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas as required by statute.  Verizon may therefore be served with process by serving the Secretary of State of the State of Texas at 1019 Brazos Street, Austin, Texas 78701 pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code §17.044 and asking the Secretary of State to serve Verizon at its principal place of business and home office at 140 West Street, New York, New York 10007.

24.     Defendant Virgin Media, Inc. ("Virgin") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business located at 909 Third Avenue Suite 2863; New York, New York 10022.  Virgin engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas as required by statute.  Virgin may therefore be served with process by serving the Secretary of State of the State of Texas at 1019 Brazos Street, Austin, Texas 78701 pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code §17.044 and asking the Secretary of State to serve Virgin at its principal place of business and home office at 909 Third Avenue Suite 2863; New York, New York 10022.

25.     Defendant Yahoo! Inc. ("Yahoo") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business located at 701 First Avenue; Sunnyvale, California 94089.  Yahoo can be served with process by serving its registered agent: CT Corporation System; 350 N. St. Paul St., Ste. 2900; Dallas, TX 75201-4234.

26.     Defendant 1&1 Mail & Media Inc. ("1&1") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business located at 701 Lee Road, Suite 300; Chesterbrook, PA 19087.  1&1 engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas as

required by statute.  1&1may therefore be served with process by serving the Secretary of State of the State of Texas at 1019 Brazos Street, Austin, Texas 78701 pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code §17.044 and asking the Secretary of State to serve 1&1 at its principal place of business and home office at 701 Lee Road, Suite 300; Chesterbrook, PA 19087.

## JURISDICTION AND VENUE

27.     This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284-285, among others.  This Court has subject matter jurisdiction of the action under 28 U.S.C. §1331 and §1338(a).

28.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, each defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

29.     Each defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to each defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,347,579

30.     On September 13, 1994, United States Patent No. 5,347,579 ("the 579 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Personal Computer Diary".  A true and correct copy of the 579 patent is attached hereto as Exhibit A.

31.     E-Contact is the owner of the 579 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the 579 patent against infringers, and to collect damages for all relevant times.

32.     Apple directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least its Apple Mail products and systems that are sold with Apple computers, including personal computers) that infringed one or more claims of the 579 patent, and/or Apple induced infringement and/or contributed to the infringement of one or more of the claims of the 579 patent by its customers.

33.     AT&T directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least its AT&T Mail products and systems) that infringed one or more claims of the 579 patent, and/or AT&T induced infringement and/or contributed to the infringement of one or more of the claims of the 579 patent by its customers.

34.     Cablevision directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least its Optimum Online Webmail products and systems) that infringed one or more claims of the 579 patent, and/or Cablevision induced infringement and/or contributed to the infringement of one or more of the claims of the 579 patent by its customers.

35.     CenturyLink directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least its CenturyLink Web Mail products and systems) that infringed one or more claims of the 579 patent, and/or CenturyLink induced infringement and/or contributed to the infringement of one or more of the claims of the 579 patent by its customers.

36.     Charter directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least its Charter Email products and systems) that infringed one or more

claims of the 579 patent, and/or Charter induced infringement and/or contributed to the infringement of one or more of the claims of the 579 patent by its customers.

37.     Comcast directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least its Smartzone email products and systems) that infringed one or more claims of the 579 patent, and/or Comcast induced infringement and/or contributed to the infringement of one or more of the claims of the 579 patent by its customers.

38.     Cox directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least its Cox High Speed Internet Enhanced WebMail products and systems) that infringed one or more claims of the 579 patent, and/or Cox induced infringement and/or contributed to the infringement of one or more of the claims of the 579 patent by its customers.

39.     Dell directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least its Streak Email products and systems that are sold with Dell's tablet products) that infringed one or more claims of the 579 patent, and/or Dell induced infringement and/or contributed to the infringement of one or more of the claims of the 579 patent by its customers.

40.     EarthLink directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least its EarthLink Web Mail products and systems) that infringed one or more claims of the 579 patent, and/or EarthLink induced infringement and/or contributed to the infringement of one or more of the claims of the 579 patent by its customers.

41.     Google directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems

(including at least its Gmail products and systems) that infringed one or more claims of the 579 patent, and/or Google induced infringement and/or contributed to the infringement of one or more of the claims of the 579 patent by its customers.

42.    HostGator directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least its RoundCube Webmail products and systems) that infringed one or more claims of the 579 patent, and/or HostGator induced infringement and/or contributed to the infringement of one or more of the claims of the 579 patent by its customers.

43.    IAC directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least its Excite Email products and systems) that infringed one or more claims of the 579 patent, and/or IAC induced infringement and/or contributed to the infringement of one or more of the claims of the 579 patent by its customers.

44.    Microsoft directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least its Hotmail and Outlook products and systems) that infringed one or more claims of the 579 patent, and/or Microsoft induced infringement and/or contributed to the infringement of one or more of the claims of the 579 patent by its customers.

45.    Motorola directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least its Xoom Email products and systems that are sold with its tablet products) that infringed one or more claims of the 579 patent, and/or Motorola induced infringement and/or contributed to the infringement of one or more of the claims of the 579 patent by its customers.

46.    Nokia directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least its Ovi Mail products and systems that are sold with its mobile device products) that infringed one or more claims of the 579 patent, and/or Nokia induced infringement and/or contributed to the infringement of one or more of the claims of the 579 patent by its customers.

47.    Opera directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least its Opera Mail products and systems) that infringed one or more claims of the 579 patent, and/or Opera induced infringement and/or contributed to the infringement of one or more of the claims of the 579 patent by its customers.

48.    Qualcomm directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least its Eudora email products and systems) that infringed one or more claims of the 579 patent, and/or Qualcomm induced infringement and/or contributed to the infringement of one or more of the claims of the 579 patent by its customers.

49.    Rackspace directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least its Rackspace Webmail products and systems) that infringed one or more claims of the 579 patent, and/or Rackspace induced infringement and/or contributed to the infringement of one or more of the claims of the 579 patent by its customers.

50.    RCN directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least its RCN Webmail products and systems) that infringed one or more claims of the 579 patent, and/or RCN induced infringement and/or contributed to the infringement of one or more of the claims of the 579 patent by its customers.

51.     Samsung directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least its Galaxy Tab Email products and systems that are sold with Samsung's tablet products) that infringed one or more claims of the 579 patent, and/or Samsung induced infringement and/or contributed to the infringement of one or more of the claims of the 579 patent by its customers.

52.     Toshiba directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least its Thrive Email products and systems that are sold with Toshiba's tablet products) that infringed one or more claims of the 579 patent, and/or Toshiba induced infringement and/or contributed to the infringement of one or more of the claims of the 579 patent by its customers.

53.     Verizon directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least its Verizon Mail products and systems) that infringed one or more claims of the 579 patent, and/or Verizon induced infringement and/or contributed to the infringement of one or more of the claims of the 579 patent by its customers.

54.     Virgin directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least its Virgin Media Mail products and systems) that infringed one or more claims of the 579 patent, and/or Virgin induced infringement and/or contributed to the infringement of one or more of the claims of the 579 patent by its customers.

55.     Yahoo directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least its Yahoo! Mail products and systems) that infringed one or more claims of the 579 patent, and/or Yahoo induced infringement and/or contributed to the infringement of one or more of the claims of the 579 patent by its customers.

56.     1&1 directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least its GMX Mail products and systems) that infringed one or more claims of the 579 patent, and/or 1&1induced infringement and/or contributed to the infringement of one or more of the claims of the 579 patent by its customers.

## JURY DEMAND

E-Contact hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

E-Contact requests that the Court find in its favor and against defendants, and that the Court grant E-Contact the following relief:

a.     Judgment that one or more claims of the 579 patent have been infringed, either literally and/or under the doctrine of equivalents, by the defendants and/or by others to whose infringement defendants have contributed and/or by others whose infringement has been induced by defendants;

b.     A permanent injunction enjoining defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing infringement of, or contributing to infringement of the 579 patent;

c.     Judgment that defendants account for and pay to E-Contact all damages to and costs incurred by E-Contact because of defendants' infringing activities and other conduct complained of herein;

d.     That E-Contact be granted pre-judgment and post-judgment interest on the damages caused by defendants' infringing activities and other conduct complained of herein;

e.     That this Court declare this an exceptional case and award E-Contact its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

f.     That E-Contact be granted such other and further relief as the Court may

deem just and proper under the circumstances.

Dated: September 8, 2011             Respectfully submitted,

                                                         /s/  Zachariah S. Harrington
                                                Zachariah S. Harrington (lead attorney)
                                                Texas Bar No. 24057886
                                                zac@ahtlawfirm.com
                                                Matthew J. Antonelli
                                                Texas Bar No. 24068432
                                                matt@ahtlawfirm.com
                                                Larry D. Thompson, Jr.
                                                Texas Bar No. 24051428
                                                larry@ahtlawfirm.com
                                                ANTONELLI, HARRINGTON &
                                                THOMPSON LLP
                                                4200 Montrose Blvd., Ste. 430
                                                Houston, TX 77006
                                                (713) 581-3000

                                                Attorneys for E-Contact Technologies LLC